NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG S. SLAVIN,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>REBECCA MONET; LAURENCE F. HAINES,<br><br>           Defendants-Appellees. | No.   20-55549<br><br>D.C. No.<br>3:19-cv-01786-JM-MDD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted March 3, 2021**
Pasadena, California

Before:  KLEINFELD, TALLMAN, and OWENS, Circuit Judges.

Craig Slavin appeals the district court's order dismissing his complaint for

failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. The district court correctly determined that Slavin failed to state a claim for malicious prosecution under California law because the defendants in this matter had probable cause to pursue their libel claim against Slavin in the prior proceedings. *See Roberts v. McAfee*, 660 F.3d 1156, 1163 (9th Cir. 2011) (noting that the second element of a California malicious prosecution claim is that the prior proceedings were brought without probable cause). "Probable cause is present unless any reasonable attorney would agree that the action is totally and completely without merit." *Roberts v. Sentry Life Ins.*, 90 Cal. Rptr. 2d 408, 412 (Ct. App. 1999) (citation and emphasis in original omitted). That some of the factual allegations in the prior libel complaint were later disproved does not vitiate the probable cause to continue the claim supported by the other factual allegations in the prior complaint. Slavin's argument to the contrary is not supported by the legal authority to which he cites.

2. The district court properly determined that Slavin failed to adequately allege the malice element of a malicious prosecution claim against Defendant Haines. To state a California malicious prosecution claim, "[t]he plaintiff must plead and prove actual ill will or some improper ulterior motive," ranging "anywhere from open hostility to indifference." *Downey Venture v. LMI Ins. Co.*, 78 Cal. Rptr. 2d 142, 151 (Ct. App. 1998) (citations and emphasis in original omitted). Although Slavin's complaint alleges Monet demonstrated malice by

2

filing the libel suit to harass Slavin and gain an unfair business advantage over him, it fails to specifically allege Haines' ill will or other improper motive.

**AFFIRMED.**